635 F.2d 708
 Q. Z. SMITH, Appellant,
v.
WEST MEMPHIS SCHOOL DISTRICT, Jack J. Woodard, President of
Board of Directors, William Johnson, Dwight M. Lilly,
Phillip Ford and Bill Manning, each in their individual
capacity and as members of the Board of Directors of the
West Memphis School District, Bill M. Kessinger,
Superintendent of School, West Memphis School District, Appellees.
 No. 80-1023.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 8, 1980.
Decided Dec. 19, 1980.
 
 Samuel Turner, Jr., West Memphis, Ark., for appellant, Q. Z. Smith.
 C. B. Nance, Jr., West Memphis, Ark., for appellees.
 Before HEANEY, ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of Arkansas, dismissing the appellant's civil rights complaint with prejudice. We affirm.
 
 
 2
 * The appellant, Q. Z. Smith, was employed by the West Memphis School District from September, 1968, up through the time of the hearing in the district court. From September, 1968, through May, 1976, he served as Principal of the Jackson Elementary School. In 1976, he was transferred from Jackson Elementary to the Wedlock Elementary School, where he served as its Principal also.[1]
 
 
 3
 From February, 1973, through May, 1976, the West Memphis School District was troubled by disciplinary and organizational problems that arose and worsened at Jackson Elementary School. The School District held the Principal of the school, Q. Z. Smith, primarily responsible for the worsening state of affairs and instructed him to remedy the problem. The Board of Directors of the School District met with Smith personally in May, 1974, where he responded to criticism of him by the Board. At the close of the hearing, the School District directed Smith to make some affirmative changes at Jackson Elementary. Thereafter, the Board rehired Smith as Principal of the Jackson School.
 
 
 4
 The situation remained essentially unchanged at Jackson Elementary throughout the 1974-1975 and 1975-1976 school years. In May, 1976 the School District, upon the recommendation of the Superintendent of Schools, decided to transfer Smith from Jackson Elementary to Wedlock Elementary School. Thereafter, Smith was promptly notified of the Board's decision. Smith requested and received, in writing, the reasons for his transfer. He was, however, denied a hearing on the issue.
 
 
 5
 In July, 1976, Smith filed a civil rights claim in the United States District Court for the Eastern District of Arkansas, praying for declaratory, injunctive and monetary relief. The case was tried without a jury; the Honorable William R. Overton, United States District Judge, presided at the court trial. After a full hearing, Judge Overton ruled in the defendant's favor and entered judgment accordingly.
 
 II
 
 6
 After a careful review of the entire record, we conclude that the district court's findings of fact and conclusions of law are not clearly erroneous and that the judgment of the court below should be affirmed. We agree with the court below that in the circumstances presented here, Smith's interest in retaining his position as the Principal of Jackson Elementary School does not rise to a legitimate claim of entitlement under Arkansas law. The Supreme Court has clearly stated that a person must have more than an abstract need or desire for a benefit before such becomes a constitutionally protected property right. There must be a legitimate claim of entitlement to the benefit; the entitlement must be created and defined by existing rules or understandings grounded in a source independent of the United States Constitution-such as state law. We agree with the court below that Smith failed to carry the burden of establishing that he had a legitimate claim of entitlement to the position of Principal of Jackson Elementary School. See Board of Regents v. Roth, 408 U.S. 564, 576-578, 92 S.Ct. 2701, 2708-2709, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 601-603, 92 S.Ct. 2694, 2699-2700, 33 L.Ed.2d 570 (1972).
 
 
 7
 We furthermore determine that the district court's findings and conclusion that Smith was not transferred as a result of his exercising his right of free speech was not clearly erroneous. In this regard, we note that the Supreme Court has long recognized that "even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests-especially, his interest in freedom of speech." Perry v. Sindermann, supra, 408 U.S. at 597, 92 S.Ct. at 2697.
 
 
 8
 If Smith had successfully shouldered the burden of establishing that he was transferred as a result of exercising his constitutionally protected right of free speech, he would most certainly prevail on this appeal. The simple fact remains, however, that Smith did not prove that the Board's decision to transfer him to the Wedlock Elementary School was so impermissibly motivated.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 [1]
 It is undisputed that Wedlock Elementary School is a smaller school, with a faculty and student body that is substantially smaller than what he became accustomed to at Jackson Elementary. Accordingly, his responsibilities were reduced as a result of the transfer in direct proportion to the reduction in the faculty, staff and student body